IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS RONDELL GRACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv561-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Demetrius Rondell Grace ("Grace") is before this court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.   BACKGROUND**

On March 24, 2010, Grace pled guilty to possessing a firearm as a convicted felon, in violation 18 U.S.C. § 922(g)(1). His base offense level was set at 20 under U.S.S.G. § 2K2.1(a)(4)(A) based on the district court's determination that he had a prior felony conviction for a crime of violence as defined by U.S.S.G. § 4B1.2(a). That prior conviction was for first-degree assault in violation of § 13-6-20, Ala. Code 1975. Because Grace accepted responsibility, *see* U.S.S.G. § 3E1.1, the district court applied a three-level reduction, resulting in a total offense level of 17. Grace's total offense level of 17 combined with his criminal history category of VI to result in an advisory guideline range of 51 to 63 months. The district court sentenced Grace to 60 months in prison. Grace did not appeal.

On July 11, 2011, Grace filed this § 2255 motion claiming that his trial counsel rendered ineffective assistance of counsel by failing to challenge the district court's determination that his Alabama conviction for first-degree assault was a crime of violence when determining his base offense level under U.S.S.G. § 2K2.1(a)(4)(A). Doc. No. 1 at 4-5.[1] On July 24, 2013, Grace amended his § 2255 motion to add a claim that the district court's calculation of his base offense level under § 2K2.1(a)(4)(A) violated the Supreme Court's recent holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Doc. No. 13 at 1-3.

The Government answers that neither of Graces's claims is meritorious and that Grace is therefore not entitled to any relief. Doc. Nos. 8 and 15. After consideration of the § 2255 motion as amended, the supporting and opposing submissions, and the relevant case law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court in the instant civil action. Page references are to those assigned by CM/ECF. References to exhibits ("Ex.") are to those filed by the Government with its answer, Doc. No. 8.

prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

B.  **Ineffective Assistance of Counsel**

   *1.  Standards Governing Ineffective-Assistance Claim*

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *see Strickland*, 466 U.S. at 687–88 & 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the

4

petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 2. *Counsel's Failure to Challenge Finding That First-Degree Assault Conviction Was Crime of Violence*

Grace contends that his trial counsel rendered ineffective assistance of counsel by failing to challenge the district court's finding that his prior Alabama conviction for first-degree assault was a crime of violence when determining his base offense level under U.S.S.G. § 2K2.1(a)(4)(A).[2] Doc. No. 1 at 4-5. He maintains that the district court found his assault conviction to be a crime of violence "based entirely on police reports," contrary

---

[2] Section 2K2.1 of the United States Sentencing Guidelines sets forth the base offense levels for federal firearm offenses, including violations of 18 U.S.C. § 922(g)(1). Section 2K2.1(a)(4)(A) provides for a base offense of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A).

to *Taylor v. United States*, 495 U.S. 575 (1990),³ and *United States v. Sneed*, 600 F.3d 1326 (11ᵗʰ Cir. 2010),⁴ decisions that limited the scope of what a later court may examine in determining whether a prior conviction qualifies for use in sentence enhancement.⁵ Doc. No. 1 at 4. Grace further maintains that the district court's treatment of his prior assault conviction as a crime of violence violated *Begay v. United States*, 553 U.S. 137 (2008),⁶

---

³ In *Taylor*, the Supreme Court held that, generally, in determining whether a prior conviction qualifies as a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), the sentencing court should employ "a formal categorical approach, looking only to the statutory definitions of the prior offense, and not to the particular facts underlying those convictions." 495 U.S. at 600.

⁴ In *Sneed*, the Eleventh Circuit held that only sources of the sort approved by the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), may be consulted by courts in determining whether a defendant's prior convictions were "committed on occasions different from one another" for purposes of the ACCA, just as only *Shepard*-approved sources may be consulted to determine whether a prior conviction qualifies as a "violent felony" for purposes of the ACCA. *See Sneed*, 600 F.3d at 1332-33. In *Shepard*, the Supreme Court held that courts, in determining whether a prior conviction qualifies as a "violent felony" for purposes of the ACCA, may examine only the charging document from the prior conviction, the terms of the plea agreement, the transcript of a plea colloquy in which the factual basis of the plea was confirmed, or some comparable judicial record of this information. 544 U.S. at 23-26.

⁵ The Eleventh Circuit has recognized that essentially the same analysis is used to determine whether a prior conviction qualifies as a "violent felony" under the ACCA or a "crime of violence" under the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(1)-(2). *See United States v. Williams*, 609 F.3d 1168 (11ᵗʰ Cir. 2010); *United States v. Archer*, 531 F.3d 1347, 1352 (11ᵗʰ Cir. 2008).

⁶ In *Begay*, the Supreme Court held that the offense of driving under the influence is not a "violent felony" within the definition contained in 18 U.S.C. § 924(e)(2)(B)(ii), an ACCA enhancement provision. *See* 553 U.S. at 148. In so doing, the Court interpreted the list of enumerated crimes in the first clause of § 924(e)(2)(B)(ii) as having a limiting effect on the second clause of § 924(e)(2)(B)(ii). *Id*. at 141-43. The Court concluded that the second clause did not cover all crimes that involved a "serious potential risk of physical injury to another," but only those crimes that were "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. *Id*. at 142. The Court also noted that all of the enumerated crimes "typically involve purposeful, violent, and aggressive conduct." *Id*. at 144-45 (quotations omitted).

6

because a conviction for first-degree assault under Alabama law is possible under any of five enumerated paragraphs in § 13A-6-20(a), Ala. Code. 1975,[7] including § 13A-6-20(a)(5), which makes it a crime to cause serious bodily injury while driving a motor vehicle under the influence of alcohol but does not require proof that the defendant acted intentionally. Doc. No. 1 at 5. Grace argues that because it is possible to be convicted of first-degree assault under the drunk-driving section of the Alabama statute without proof of any mental state, his prior assault conviction did not satisfy the requirement that the use of physical force be purposeful and intentional to be considered a crime of violence. *Id*.

---

[7] Under Alabama law, a person commits the offense of first-degree assault if:

    (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or

    (2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or

    (3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or

    (4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, or of immediate flight therefrom, he causes a serious physical injury to another person; or

    (5) While driving under the influence of alcohol or a controlled substance or any combination thereof ... he causes serious bodily injury to the person of another with a motor vehicle.

§ 13A–6–20(a), Ala. Code 1975.

Generally, the categorical approach prescribed in *Taylor v. United States*, 495 U.S. 575 (1990), should be used in determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes. *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). This means the court usually looks no further than the statute and judgment of conviction. *Id*. However, if there are disjunctive elements in the statute of conviction, the court may apply a "modified categorical approach" and look at other matters to ascertain which part of the statute formed the basis for the charge and conviction. *Id*.; *see Johnson v. United States*, 559 U.S. 133, 144 (2010). Under this approach, a court may determine which statutory phrase was the basis for the conviction by consulting only sources of the sort approved by the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), which include any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Palomino Garcia*, 606 F.3d at 1337; *Shepard*, 544 U.S. at 16. Because a conviction for first-degree assault under Alabama law is possible under any of five paragraphs in § 13A-6-20(a), Ala. Code. 1975, this modified categorical approach is appropriate in Grace's case.

The record shows that the Alabama indictment to which Grace pled guilty stated that Grace intentionally caused serious physical injury to another person and used a deadly weapon and dangerous instrument (a .357 caliber pistol) to do so, in violation of § 13A-6-20, Ala. Code 1975. Ex. B at 1. It is therefore clear that Grace was convicted under subsection (1) of § 13A-6-20(a), which provides that a person is guilty of first-degree assault if "[w]ith

8

intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument." *See* § 13A-6-20(a)(1), Ala. Code 1975.

Although U.S.S.G. § 2K2.1 does not itself define the term "crime of violence," the Commentary to this section states that "crime of violence" has the meaning given that term in § 4B1.2(a) of the Sentencing Guidelines and in Application Note 1 of the Commentary to § 4B1.2. *See* U.S.S.G. 2K2.1 cmt. n.1. The Guidelines define the term "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The commentary to section § 4B1.2 provides that the term "crime of violence" "includes murder, manslaughter, kidnapping, aggravated assault, forcible sexual offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."[8] *See* U.S.S.G. 4B1.2 cmt. n.1.

Here, the intentional use of physical force was plainly an element of the Grace's prior

---

[8] Such listed crimes of violence are often referred to as "enumerated offenses."

Alabama conviction for first-degree assault. For that reason, the conviction qualified as a crime of violence. Moreover, the statutory elements of the offense of first-degree assault for which Grace was convicted correspond to the contemporary, generic meaning of aggravated assault so as to qualify as an enumerated crime of violence. The label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated crime of violence under the Sentencing Guidelines. *See Palomino Garcia*, 606 F.3d at 1330-31. Instead, a court should consider whether the statute of conviction for the prior offense corresponds with the "uniform generic definition" of the enumerated offense. *Id*. at 1329 (quoting *United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009)); *see also United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011). "To accomplish this task, [the court] must derive the elements of a generic [enumerated] offense ... by considering the elements of the crime that are common to most states' definitions of that crime, as well as learned treatises, and the Model Penal Code." *Palomino Garcia*, 606 at 1331.

The Eleventh Circuit in *Palomino Garcia* endorsed the Model Penal Code as a primary source for the contemporary, generic meaning of aggravated assault. *See* 606 F.3d at 1331-33. The Model Penal Code provides, in relevant part:

> A person is guilty of aggravated assault if he: (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

*Model Penal Code* § 211.1(2).

Thus in *Palomino Garcia,* the Eleventh Circuit accepted as its definition of "aggravated assault," for purposes of the classification of a state statute as a "crime of violence," a statutory definition of a generic "aggravated assault" statute that includes a criminal assault accompanied by the aggravating factor of an intent to cause serious bodily injury or the use of a deadly weapon. *See* 606 F.3d at 1332. The section of the Alabama statute under which Grace was convicted contains the two most common aggravating factors found in aggravated assault – the causation of serious physical injury and the use of a deadly weapon.[9] *See Palomino Garcia*, 606 F. 3d at 1333-34. *See also United States v. Flores*, No. 12-11587, 2013 WL 13558 at *1-2 (11th Cir. Jan. 11, 2013) (California conviction for assault with a deadly weapon or force qualified as enumerated crime of violence of generic aggravated assault because it required either the use of a deadly weapon or force likely to produce great bodily injury). For these reasons, then, whether the court classifies Grace's Alabama conviction for first-degree assault as an offense that has as an element the use of physical force against another or as an "aggravated assault," the result is the same – Grace's prior conviction was for a crime of violence.

The record establishes that the Alabama indictment to which Grace pled guilty set

---

[9] The Model Penal Code's definition of "deadly weapon" is broad enough to encompass the "deadly weapon or dangerous instrument" language of the Alabama statute. The Model Penal Code defines "deadly weapon" as "any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." *Model Penal Code* § 210.0(4). Such language falls within the definitions of "dangerous instrument" and "deadly weapon" found at § 13A-1-2(6) & (7), Ala. Code 1975.

11

forth a crime of violence. That indictment was furnished to the defense during discovery, as were state court records establishing that Grace pled guilty to the offense charged in the indictment. Ex. B at 6. Grace's counsel was aware that Grace was *not* convicted under the drunk-driving section of the Alabama statute, § 13A-6-20(a)(5).[10] Because the indictment to which Grace pled guilty set forth a crime of violence, there was no basis for defense counsel to object the district court's consideration of the prior assault conviction in determining Grace's base offense level under § 2K2.1(a)(4)(A). Defense counsel is not obligated to pursue a fruitless line of argument. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Consequently, Grace's trial counsel did not render ineffective assistance of counsel and Grace is not entitled to any relief based on this claim.

C.   **Violation of *Alleyne***

Grace contends that the district court's calculation of his base offense level under § 2K2.1(a)(4)(A) violated the Supreme Court's holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), because it constituted judicial factfinding, under a

---

[10] In addition, Grace's counsel was aware of the facts concerning Grace's assault conviction set forth in the presentence investigation report ("PSI"), which stated:

> On July 15, 1995, at approximately midnight, the defendant shot "C.C." in Columbia, Alabama. According to offense reports, C.C. was attempting to buy crack cocaine from the defendant several times that day despite being told there was no crack cocaine available. Witnesses stated that Grace and another person then planned to rob C.C. if he returned. When C.C. did in fact return, Grace walked up to C.C.'s truck and told C.C. to "give it up." C.C. did not comply and drove away. As C.C. drove away, Grace fired a pistol into the truck, striking C.C. in his left eye.

PSI at 6, ¶ 24.

preponderance-of-the-evidence standard, of an offense element that was not alleged in the indictment and proved beyond a reasonable doubt. Doc. No. 13 at 1-3.

In *Alleyne*, the Supreme Court found that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*. The Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. The Court, however, was careful to note that its "ruling does not mean that any fact that influences judicial discretion must be found by a jury." *Id*. at 2163. "[T]he judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment. [E]stablishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." *Id*. (citations omitted).

*Alleyne* is inapplicable to Grace's case because the district court's fact finding here affected only Grace's sentencing guideline range and did not increase the mandatory minimum sentence. The court had discretion to consider matters in aggravation or mitigation when setting Grace's sentence within the statutory boundaries. Therefore, Grace is not entitled to any relief based on this claim.

### III.   CONCLUSION

13

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 21, 2013. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of November, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE